1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAS SENSORSENSE, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>UNIVERSAL SURVEILLANCE<br>CORPORATION<br><br>   Defendant. | Case No.:  EDCV 04-1603 GW (AJWx)<br><br>**PROTECTIVE ORDER** |
| UNIVERSAL SURVEILLANCE<br>CORPORATION, a California<br>Corporation<br><br>   Counterclaim Plaintiff,<br><br>  v.<br><br>EAS SENSORSENSE, INC., a<br>California Corporation, ARTHUR<br>FUSS, an Individual, and ROES 1-10.<br><br>   Counterclaim Defendants. | Discovery Cutoff: June 1, 2009<br>Motion Cutoff: July 6, 2009<br>Pre-Trial Conf.: July 30, 2009<br>**TRIAL DATE:  August 11, 2009** |

/ / /

/ / /

/ / /

/ / /

PLD - Protective Order (Proposed Order).DOC   1

# GOOD CAUSE STATEMENT

Subject to the approval of the Court, all documents, material or information produced or created by a party or non-party ("Designating Party") to a party in this action ("Receiving Party") containing information which the Designating Party believes in good faith to be confidential or trade secret information, shall be designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by the Designating Party and maintained by the Receiving Party(ies) pursuant to the terms of this Order.

## A.    Factual Background

Plaintiff filed a complaint in this Court alleging Defendant's infringement of Plaintiff's patent.  Defendant filed an answer denying infringement, *inter alia*, and asserted a counterclaim for 1) declaratory judgment on the issue of invalidity, non-infringement, and unenforceability of the patent at issue, 2) violation of Section 43(a) of the Lanham Act, 3) interference with Defendant's/Counterclaim Plaintiff's prospective business advantage, and 4) unfair competition under Section 17200 of California's *Business & Profession Code*.  Counterclaim Defendants filed their answer denying the substance of these allegations.  The issues to be adjudicated in this action will contemplate the request and production of information that is of such a sensitive, proprietary, non-public, and confidential nature to warrant the issuance of a protective order to protect its confidentiality.

The industry that underlies the disputes between the parties concerns theft deterrent devices and products, namely electronic article surveillance tags.  The parties are not only competitors of each other but of other businesses not a party to this action.   The parties possess business information such as research and development, product specifications, supplier lists, customer lists, cost-of-goods sold, pricing manufacturing agreements, and other information of a similar nature that are confidential, not disclosed to the public, and must, therefore, be protected from disclosure outside of this litigation.  The parties agree that safeguards must be

in place to protect this highly sensitive information yet still allow for certain disclosures to opposing parties so as to avoid competitive harm.

**B.     The Stipulation for Protective Order Focuses on the Protection of Commercially Sensitive Business Information**

Federal Rule Civil Procedure Rule 26(c)(7) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order.  The party seeking such as order must demonstrate a particular and specific need for the protective order.  *Gary v. Rodewald*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

A protective order that focuses on preventing disclosure of particular information, e.g. confidential business information, where disclosure would "likely cause serious harm," is supported by good cause.  *Hayden v. Siemens Medical Systems, Inc.,* 106 F.R.D. 551, 556, (S.D.N.Y. 1985).  To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, e.g. by designating certain classes or types of information.  *Id.*

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect the documents that they in good faith believe contain trade secrets or other confidential commercial information.  Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors."  *Bayer AG and Miles Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995).

The parties' Stipulated Protective Order was drafted to protect the confidentiality and disclosure of each party's confidential business information and to provide extra precautions on the disclosure of highly sensitive business information, as defined below, and as balanced against the need and use for such information to prosecute and defend this action.  Confidential information, whether

designated CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, is open to challenge by either party, any third party, or the public.

### C.    Conclusion

Based on the foregoing demonstration of good cause in support of the Stipulation for Protective Order, this Order should be granted by the Court to protect that parties' confidential business information.

### STIPULATION AND ORDER

In accordance with Rule 26(c) *Federal Rules of Civil Procedure* the parties stipulate and agree, through their respective counsel, to the entry of a protective order governing the disclosure during pretrial discovery and the subsequent handling of trade secret information, proprietary information, other confidential commercial, financial or personal information, and documents containing any such information (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION"), as follows:

### 1.    INITIAL DESIGNATION.

1.1    **Confidential Information**.   In connection with discovery in this action, the parties may designate materials, including electronic files, documents, things, testimony, as "CONFIDENTIAL" under the terms of this Stipulated Protective Order ("Order").   Confidential information is information that has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, blueprints, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation or to the organization from which the information was obtained, and, to the extent not already encompassed in the preceding definition, trade secrets as   defined in California *Civil Code* § 3426.1.   By designating a

document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL" under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rules of Civil Procedure 26(g).   Material designated as "CONFIDENTIAL" under the Order, the information contained therein, and any documents derived in whole or in part from material designated as "CONFIDENTIAL" ("CONFIDENTIAL MATERIAL") shall only be used for the prosecution, defense or settlement of this action, and for no other purpose.

1.2   **Produced Documents.**  A party producing documents that it believes constitute or contain CONFIDENTIAL INFORMATION shall produce copies bearing a label designating such material "CONFIDENTIAL."  As used herein, the term "documents" includes all writings or other media on which information is recorded and other tangible things subject to production under the *Federal Rules of Civil Procedure.*

1.3   **Interrogatory Answers.**   If a party answering an interrogatory believes in good faith under the criteria set forth in Paragraph 1.1 above that its answer contains CONFIDENTIAL INFORMATION, it shall set forth its answer in a separate document that is produced and designated as CONFIDENTIAL OR CONFIDENTIAL INFORMATION in the same manner as a produced document under subparagraph 1.2.  The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

1.4   **Inspections of Documents.**  In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL INFORMATION need be made in advance of the inspection.   For purposes of such inspection, all materials produced shall be considered as CONFIDENTIAL INFORMATION.  If the inspecting party selects

specified documents to be copied, the producing party shall designate CONFIDENTIAL INFORMATION in accordance with subparagraph 1.2 at the time the copies are produced.

1.5 **Deposition Transcripts.**

Testimony taken at a deposition, conference, hearing or trial and any corresponding exhibits may be designated as CONFIDENTIAL or CONFIDENTIAL MATERIAL by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL or CONFIDENTIAL MATERIAL and label such portions appropriately.

1.6 **Multi-page Documents.**  A party may designate all pages of an integrated, multi-page document, including a deposition transcript, interrogatory answers and responses to document requests, as CONFIDENTIAL INFORMATION by placing the label specified in subparagraph 1.1 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multi-page document as CONFIDENTIAL INFORMATION, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.1 on each page of the document containing CONFIDENTIAL INFORMATION.

1.7 **List.**  Within ten days after producing or designating CONFIDENTIAL INFORMATION, the producing or designating party shall provide a log identifying all such designated material.  The log shall identify the documents or other material either by Bates stamp number(s) or by a description sufficiently detailed to make the document or material the basis for the claimed CONFIDENTIAL designation.  The log shall state with specificity all the asserted basis which support the need to identify designated materials as CONFIDENTIAL.

/ / /

1.8   **Attorneys' Eyes Only Material.**   The parties may also designate discovery material or testimony of a highly confidential and/or proprietary nature as "ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only Material"), in the manner described in paragraph 1 above.  Attorneys' Eyes Only Material, and the information contained therein, may be disclosed only to the following: (i) the Court; (ii) mediators or arbitrators agreed upon by the parties; (iii) outside counsel for any party (and their staff); or (iv) other "qualified persons" listed in subparagraphs 3.1 herein.  Attorneys' Eyes Only Material shall not be disclosed to any party or to any officer, director or employee of any party unless agreed in writing by the parties or ordered by the Court.

1.9   **Later Designations.**   A party may also designate information disclosed at a deposition as CONFIDENTIAL or ATTORNEYS' EYES ONLY by notifying all parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines designated as such. Each party shall attach a copy of such written statement to the face of each transcript in its possession, custody or control. For seven (7) days after receipt of the transcript, depositions shall be treated as ATTORNEYS' EYES ONLY, but after that period any portions not designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY may be disclosed.

2.   **DESIGNATIONS BY ANOTHER PARTY.**   If a third party produces documents that any party reasonably believes should be protected under this Order, within seven (7) days of the production said party to this action shall advise all counsel of its designation of such documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY and shall affix the corresponding stamp on such documents.  For seven (7) days after receipt of the documents from a third party, the documents shall be treated as ATTORNEYS' EYES ONLY, but after that period any portions not designated as CONFIDENTIAL or ATTORNEYS' EYES

/ / /

ONLY may be disclosed.   All parties shall cooperate to effectuate affixing the necessary stamp.

      **3.**    **HANDLING PRIOR TO TRIAL.**

      **3.1**    **Authorized Disclosures.**    CONFIDENTIAL INFORMATION produced pursuant to this Order may be disclosed, communicated or made available only to the following: (i) the Court; (ii) mediators or arbitrators agreed upon by the parties; (iii) outside counsel for any party (and their staff); (iv) in-house counsel for a party who have a legitimate need to access the confidential material for purposes of this action; and (v) qualified persons designated below:

      a    The parties and any of their officers, directors or employees deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

      b.    Experts, consultants and their staff who are consulted by counsel for a party;

      c.    Persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

      d.    Deposition witnesses who are "qualified persons";

      e.    The author, addressees and recipients of the documents or any person who would have had access to such information by virtue of his /her employment; and,

      f.    Any other person as to whom the parties agree in writing.

      Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation.   There will be no disclosure of CONFIDENTIAL INFORMATION to any person who is a manufacturer competitor (or an employee of a manufacturer competitor) of a party.   There will be no disclosure of CONFIDENTIAL INFORMATION to any distributor or supplier (or an employees of a distributor or supplier) of a party unless within 14 days of written notice by the party wishing disclosure, either the parties agree to the terms of disclosure or the

/ / /

**[PROPOSED] PROTECTIVE ORDER**

party objecting to a proposed disclosure files a motion objecting to disclosure and the court orders otherwise.

3.2     **Procedures.**  CONFIDENTIAL MATERIAL may be shown to a "qualified person" listed in subparagraphs 3.1(a), (b), (d), (e) and (f) and Attorneys' Eyes Only Material to a "qualified person" listed in subparagraphs 3.1(b) and (g), only if the following procedure is used:

a.     Prior to disclosure, the party seeking approval provides all other parties with: (1) the designated person's name; (2) present employer and title; (3) resume or curriculum vitae for "qualified persons" under subparagraph 3.1(b) above only; and (4) a signed "Written Assurance" acknowledgement (Attachment "A").

b.     Within ten (10) calendar days after receipt of the information set out in subparagraph 3.2(a) above, any party may object to the designated person (by hand delivery, facsimile or overnight mail), based on good faith belief that the designated person may use Confidential Material or Attorneys' Eyes Only Material for unauthorized purposes.  Failure to object within ten days shall be deemed approval but shall not preclude objection based on subsequently learned facts.  No party shall disclose material designated under this Order until an outstanding objection is resolved in accordance with the provisions of subparagraph 3.2(c) below.

c.     Within ten (10) calendar days from receipt of notice of objection in accordance with Local Rule 37 of the Central District of California ("Local Rule"), the parties shall meet and confer and attempt to resolve the dispute. If the parties cannot resolve the dispute or the conference does not take place, the objecting party may move the Court by written stipulation as provided in Local Rule 37-2, for an order that access to the material be denied to the designated person.

/ / /

/ / /

3.3 **Unauthorized Disclosures.** In the event of disclosure of material designated as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY Material, other than as authorized in this Order, counsel for the party responsible for the disclosure shall notify all parties of all pertinent facts, and shall make every effort to prevent further disclosure, including retrieving disclosed materials and copies of such materials and having unauthorized persons to whom disclosure was made sign a "Written Assurance" acknowledgement (Attachment "A"). Upon written stipulation, in accordance with Local Rule 37, the Court may order such further and additional relief as it deems necessary and just.

3.4 **Court Filings.** If Confidential Material, including any portion of a deposition transcript designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is included in any of the papers to be filed with the Court, the Confidential Material or any portions of the pleadings which contain Confidential Material shall be labeled "Confidential – Subject to Court Order," shall be lodged under seal, and shall be accompanied by an application to file the Confidential Material under seal directed to the judge to whom the papers are directed, until further order of this Court. If Confidential Material or Attorneys' Eyes Only Material is used in any court proceeding in this action, it shall not lose its protected status through such use, and the party using it shall take reasonably available steps to protect its confidentiality during such use. The parties agree that exhibits provided to any jury empanelled in this proceeding shall be provided without the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" stamp.

4. **HANDLING DURING TRIAL.** CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY which is subject to this order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party.

/ / /

/ / /

PLD - Protective Order (Proposed Order).DOC

10

5.     **HANDLING AFTER TRIAL.**   This Order shall survive the final termination of this action and shall protect all retained materials that have remained confidential through final termination of the case. Upon final termination of this case, counsel for the parties may each retain one copy of the pleadings, transcripts of any hearings or trials, transcripts of depositions, and exhibits from any hearings, trials or depositions.  Counsel shall destroy or assemble and return to each other materials designated as confidential and all copies or summaries thereof.

6.     **RESTRICTIONS.**  Nothing herein shall impose any restriction on the use or disclosure by a party of material: (1) obtained lawfully by a party hereto other than through discovery in this action, from a person who, to the best of such party's knowledge, was not at the time such materials were obtained by such party under a duty (contractual or otherwise) to maintain such materials in confidence; (2) that is public knowledge or became public knowledge after disclosure under this Order (other than through an act or omission or a person receiving material under this Order).

7.     **OTHER REQUESTS.**  The Order shall be without prejudice to the right of any party: (i) to request re-designation of material as Confidential Material, Attorneys' Eyes Only, or neither; (ii) upon written stipulation, in accordance with Local Rule 37, to request the Court's ruling on whether a document or information is Confidential Material or Attorneys' Eyes Only Material, or whether its use should be restricted; (iii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any document or information, including restrictions differing from those specified herein.  The Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

/ / /

/ / /

/ / /

/ / /

8.   **CUSTODY.**   Recipients of material under this Order shall maintain such material secured and shall exercise the same standard of care with respect to storage, custody, use and dissemination of the material as they exercise for their own proprietary information, but in no event shall the standard be less than that of a reasonable person.

This order shall be binding on the parties when signed regardless of whether and when this Court endorses this Order.

**IT IS SO ORDERED.**

March 06, 2009

Dated: _____              _____

The Honorable Andrew J. Wistrich
Magistrate – United States District Court

**[PROPOSED] PROTECTIVE ORDER**

# EXHIBIT A

## WRITTEN ASSURANCE

I, _____ (print name),
reside   at   _____,   in   the   City   of
_____, _____.   I am employed by _____,
with a business address of _____, in
the City of _____, _____.   I have read and understand the
Stipulation for Protective Order ("Order") filed in the case of *EAS Sensorsense,
Inc. v. Universal Surveillance Corporation, et al.*, United States District Court
Case EDCV04-1603 GW (AJWx).   I agree to comply with and be bound by the
provisions of the Order.   I will not divulge Confidential Material or Attorneys'
Eyes Only Material (as those terms are defined in the Order) to persons other than
those specifically authorized by the Order.   I will not copy, retain, or use, except
solely for the purpose of this litigation, any information protected by the Order
except as expressly permitted by the Court, and will promptly return all protected
information to the party providing me with the same.

Executed at _____, _____ (insert city and
state), this _____ day of _____, 200__.


_____
Signature

**PROOF OF SERVICE**
(Sections 1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 888 South Figueroa Street, Suite 1800, Los Angeles, California 90017-5455.

      On February 24, 2009, I served the foregoing document described as **[PROPOSED] PROTECTIVE ORDER** in this action as follows:

***SEE ATTACHED SERVICE LIST***

***EFILE -***  The above individuals are registered with the District Court for service and filing of documents in this case.  Said document was transmitted to the above registrants via e-filing.

      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed this February 24, 2009, at Los Angeles, California.


                    /s/ Sara Rodriguez
                    SARA RODRIGUEZ

**SERVICE LIST**
*EAS Sensorsense, Inc. v. Universal surveillance Corp.*
USDC Case No. EDCV04-1603 GW (AJWx)

Thomas V. Girardi
Graham B. Lippsmith
Girardi Keese
1126 Wilshire Blvd
Los Angeles, A  90017
213-977-0211
213-481-1554
**Attorneys for
Defendant/Counterclaimant
UNIVERSAL SURVEILLANCE
CORPORATION**

Ronald R. Camhi
MICHELMAN & ROBINSON
15760 Ventura Blvd., Suite 500
Encino, California 91436
818-783-5530
213-783-5507 Fax
**Attorneys for Plaintiff and
Counterclaim Defendants EAS
Sensorsense, Inc. and
Arthur Fuss**

Maxwell M. Blecher
BLECHER  COLLINS, P.C.
515 S Figueroa St,  Suite 1750
Los Angeles, CA 90071
213-622-4222
213-622-1656 Fax
**Attorneys for Defendants and
Counterclaimant Universal
Surveillance Corporation**

Milord A. Keshishian
MILORD & ASSOCIATES
2029 Century Park East
Suite 2100
Los Angeles, CA  90067
310-226-7878
310-226-7879
**Attorneys for Defendants and
Counterclaimant Universal
Surveillance Corporation**

Robert R. Waters
Waters Law Offices
10503 Timberwood Circle, Suite 116
Louisville, KY 40223
502-425-2424
**Attorneys for Plaintiff and
Counterclaim Defendants EAS
Sensorsense, Inc. and
Arthur Fuss**

**[PROPOSED] PROTECTIVE ORDER**